UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 17-25299 |
| | ) | |
| JOSEPH Z. ZUCCHERO, | ) | Chapter: 7 |
| | ) | |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER GRANTING MOTION PURSUANT TO BANKRUPTCY RULE 9019(A) TO APPROVE COMPROMISE WITH THE DEBTOR

This matter coming before the Court on the Debtor's Motion Pursuant to Bankruptcy Rule 9019 to Approve Settlement ("Motion") filed by Debtor's counsel, David P. Lloyd, Ltd.; IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted.

2. The settlement agreement attached to this order as Exhibit 1 ("Settlement Agreement") is approved.

3. This Court retains jurisdiction over this matter for the purpose of enforcing the Settlement Agreement, the terms of which are incorporated herein by this reference.

4. This Order is effective immediately upon entry.


Enter: *LaShonda A. Hunt*

*Honorable LaShonda A. Hunt*
United States Bankruptcy Judge

Dated: *March 8, 2018*

**Prepared by:**
Samuel J. Schumer (ARDC No. 6300807)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 987-9900
sschumer@mpslaw.com

# EXHIBIT 1

THIS SETTLEMENT AGREEMENT ("Agreement") is made as of this 27th day of February, 2018 (the "Effective Date"), by and among JOSEPH ZUCCHERO ("J. Zucchero"), CAMILLE ZUCCHERO ("C. Zucchero"), DOMINIC ZUCCHERO ("D. Zucchero"), MICHAEL GENOVESE ("Genovese"), J & M 1527, LLC ("J&M-1"), an Illinois limited liability company, J & M 1527 LLC ("J&M-2"), an Illinois limited liability company, MCM1527, LLC ("MCM"), an Illinois limited liability company, JJD, INC. ("JJD"), an Illinois corporation, MR. BEEF ON ORLEANS, INC. ("Beef"), an Illinois corporation, and CHICAGO TITLE LAND TRUST COMPANY as successor trustee to NORTH STAR TRUST COMPANY, trustee u/t/a dated March 22, 1999 and known as Trust No. 10239 (the "Trust", and together with J. Zucchero, C. Zucchero, D. Zucchero, Genovese, J&M-1, J&M-2, MCM, JJD, and Beef, the "Obligors"), on the one hand, and CR-FMV INVESTORS, LLC ("Lender"), an Illinois limited liability company, on the other hand.

## R E C I T A L S

A.    On October 30, 2009, certain of the Obligors executed a promissory note in the original principal amount of $3,700,000.00 in favor of Plaza Bank (the "Beef Note").

B.    The Beef Note is secured by, among other things, the following instruments:

    (i)    that certain Guaranty dated October 30, 2009, executed by J. Zucchero and D. Zucchero (the "Guaranty"). The Guaranty guarantees payment of the Beef Note in full;

    (ii)    that certain mortgage dated October 30, 2009, recorded on November 3, 2009, with the Cook County, Illinois Recorder of Deeds as Document No. 0930741090 (the "Chicago Mortgage"), granted by J&M-1 in favor of Plaza Bank, pledging the real estate commonly known as 1523-27 W. Chicago Ave., Chicago, Illinois 60622 (the "Chicago Property");

    (iii)    that certain Assignment of Leases and Rent dated October 30, 2009, recorded on November 3, 2009, with the Cook County, Illinois Recorder of Deeds as Document No. 0930741091 (the "Chicago AOR"), granted by J&M-1 in favor of Plaza Bank, pledging the rents and leases relative to the Chicago Property;

    (iv)    that certain mortgage dated October 30, 2009, recorded on November 3, 2009, with the Cook County, Illinois Recorder of Deeds as Document No. 0930741092 (the "Orleans Mortgage"), granted by the Trust in favor of Plaza Bank, pledging the real estate commonly known as 666 N. Orleans St., Chicago, Illinois 60610 (the "Orleans Property");

    (v)    that certain Assignment of Leases and Rent dated October 30, 2009, recorded on November 3, 2009, with the Cook County, Illinois Recorder

of Deeds as Document No. 0930741093 (the "Orleans AOR"), granted by the Trust in favor of Plaza Bank, pledging the rents and leases relative to the Orleans Property; and

(vi)    that certain mortgage dated October 30, 2009, recorded on November 3, 2009, with the Cook County, Illinois Recorder of Deeds as Document No. 0930741094 (the "Monroe Mortgage"), granted by Genovese in favor of Plaza Bank, pledging the real estate commonly known as 1148 W. Monroe, Unit 3NW, Chicago, Illinois 60607 (the "Monroe Property").

C.    On December 16, 2010, J. Zucchero executed a promissory note in the original principal amount of $150,000.00 in favor of Plaza Bank (the "Zucchero Note").

D.    The Zucchero Note is secured by that certain mortgage dated December 16, 2010, recorded on December 30, 2010, with the Cook County, Illinois Recorder of Deeds as Document No. 1036422047 (the "Marvin Mortgage"), granted by J. Zucchero and C. Zucchero in favor of Plaza Bank, pledging the real estate commonly known as 805 Marvin Pkwy., Park Ridge, Illinois 60068 (the "Marvin Property").

E.    The Beef Note, the Guaranty, the Chicago Mortgage, the Chicago AOR, the Orleans Mortgage, the Orleans AOR, the Monroe Mortgage, the Zucchero Note, the Marvin Mortgage, and any and all other documents securing or otherwise related to the debt evidenced by the Beef Note and Zucchero Note are collectively referred to hereafter as the "Loan Documents".

F.    On or about February 1, 2012, Plaza Bank declared the Obligors to be in default of their obligations under the Loan Documents due to the failure to make payments when due thereunder.

G.    On account of the foregoing default, Plaza Bank initiated the following lawsuits:

(i)    that certain lawsuit to foreclose the Orleans Mortgage filed in the Circuit Court of Cook County, Illinois, on February 6, 2012, captioned as *Plaza Bank v. North Star Trust Co., et al.*, Case No. 12 CH 4099 (the "Orleans Foreclosure");

(ii)    that certain lawsuit to foreclose the Chicago Mortgage filed in the Circuit Court of Cook County, Illinois, on February 3, 2012, captioned as *Plaza Bank v. MCM1527. LLC, et al.*, Case No. 12 CH 3950 (the "Chicago Litigation"); and

(iii)    that certain lawsuit to foreclose the Marvin Mortgage filed in the Circuit Court of Cook County, Illinois, on August 4, 2014, captioned as *Plaza Bank v. Zucchero, et al.*, Case No. 14 CH 12665 (the "Marvin Litigation").

H.    Plaza Bank was also made a party to that certain lawsuit brought by BAC Home Loans Servicing, LP filed in the Circuit Court of Cook County, Illinois, on October 7, 2010,

captioned as *BAC Home Loans Servicing, LP v. Genovese, et al.,* Case No. 10 CH 43926 (the "Monroe Litigation"). Plaza Bank sought to enforce the Monroe Mortgage in the Monroe Litigation via counterclaim.

I.     On September 11, 2015, JJD, D. Zucchero, and J. Zucchero initiated that certain lawsuit in the Circuit Court of Cook County, Illinois, captioned as *Zucchero, et al., v. Chicago Title Land Trust Co.,* Case No. 15 L 9321 (the "Orleans Case"), against the trustee of the Trust sounding in breach of fiduciary duty. On November 24, 2015, the Orleans Case was consolidated with the Orleans Foreclosure, thus merging the two cases into one case. The Orleans Foreclosure and the Orleans Case are thus together referred to herein as the "Orleans Litigation".

J.     The Orleans Litigation, the Chicago Litigation, the Marvin Litigation, and the Monroe Litigation are collectively referred to herein as the "Trial Court Proceedings".

K.     On May 28, 2015, Plaza Bank assigned the Loan Documents and all rights arising thereunder to Lender, as evidenced by, among other things, the following instruments:

> (i)  That certain assignment of mortgage dated May 28, 2015, recorded with the Cook County Recorder of Deeds on June 9, 2015, as Document No. 1516012000;
>
> (ii) That certain assignment of mortgage dated May 28, 2015, recorded with the Cook County Recorder of Deeds on June 9, 2015, as Document No. 1516012001;
>
> (iii) That certain assignment of assignment of leases and rents dated May 28, 2015, recorded with the Cook County Recorder of Deeds on June 9, 2015, as Document No. 1516012002;
>
> (iv) That certain assignment of mortgage dated May 28, 2015, recorded with the Cook County Recorder of Deeds on June 9, 2015, as Document No. 1516012004;
>
> (v) That certain assignment of assignment of leases and rents dated May 28, 2015, recorded with the Cook County Recorder of Deeds on June 9, 2015, as Document No. 1516012005; and
>
> (vi) That certain assignment of junior mortgage dated May 28, 2015, recorded with the Cook County Recorder of Deeds on June 9, 2015, as Document No. 1516012006.

L.     Lender thereafter caused the entry of court orders in the Trial Court Proceedings authorizing Lender to substitute in as party-plaintiff or party-defendant, as the case may be, for Plaza Bank. Lender thereafter continued to pursue its rights under the Loan Documents in the Trial Court Proceedings.

M.      Lender's prosecution of the Chicago Litigation resulted in, among other things, the following: (i) the transfer of the Chicago Property by the Sheriff of Cook County, Illinois (the "Sheriff") to a third-party purchaser (the "Chicago Transfer"), and (ii) the entry of a judgment on September 14, 2016, in favor of Lender and against certain of the Obligors in the amount of $2,730,111.86 (the "Chicago Judgment").

N.      Lender converted the Chicago Judgment to a judgment lien recorded with the Cook County, Illinois Recorder of Deeds as Document No. 1626649154 (the "Judgment Lien").

O.      Since the Chicago Transfer and entry of the Chicago Judgment, certain of the Obligors filed appeals arising out of the Chicago Litigation, and said appeals are pending in the First District Illinois Appellate Court as Case Nos. 17-1281 and 17-0685 (the "Chicago Appeals"). The Chicago Appeals remain pending.

P.      Lender's prosecution of the Orleans Litigation remains ongoing. Additionally, an interlocutory appeal in the Orleans Case has been filed by certain of the Obligors in the First District Illinois Appellate Court as Case No. 16-1606 (the "Orleans Appeal"). On December 22, 2017, the First District Illinois Appellate Court entered an order affirming the trial court's dismissal of the breach of fiduciary duty claim asserted by certain of the Obligors in the Orleans Case and also affirming the trial court's denial of certain of the Obligors' request for leave to file an amended complaint in the Orleans Case.

Q.      Each of the Trial Court Proceedings remains ongoing as of the Effective Date.

R.      On August 24, 2017, J. Zucchero filed a petition for relief under Chapter 11 of the Bankruptcy Code commencing Case No. 17-25299 (the "Zucchero Bankruptcy Case") before the U.S. Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"). On November 15, 2017, the Zucchero Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code and remains pending thereunder as of the Effective Date.

S.      Lender and the Obligors (collectively, the "Parties") now mutually desire to resolve the Trial Court Proceedings, the Chicago Appeals, the Orleans Appeal, the Zucchero Bankruptcy Case, and any and all disputes existing between them upon the terms and conditions set forth herein.

NOW THEREFORE, in consideration of the foregoing recitals, the mutual covenants, promises, representations, and warranties set forth herein, and for other good and valuable consideration, the receipt and adequacy of which are hereby mutually acknowledged, the Parties hereby covenant and agree as follows:

1.      **INCORPORATION OF RECITALS.** The recitals set forth above are hereby incorporated by reference as if set forth herein verbatim.

2. **SETTLEMENT PAYMENT**. Within seven (7) days of the Approval Date (defined below), the Obligors shall tender to Lender payment in the amount of $3,500,000.00 (the "Settlement Payment") via wire transfer in accordance with the wire transfer instructions set forth on the attached Exhibit A.

3. **DISMISSAL OF THE APPEALS**. Within seven (7) days of the Approval Date, the Obligors shall cause the dismissal, with prejudice, of the Chicago Appeals and the Orleans Appeal.

4. **DISMISSAL OF THE LAWSUITS**. Upon satisfaction of all of the Conditions Precedent (defined below), Lender shall dismiss the Trial Court Proceedings, with prejudice. Said dismissals shall occur within seven (7) days of the satisfaction of the Conditions Precedent. With the entry of the dismissal order in the Chicago Litigation, Lender shall simultaneously enter a satisfaction of judgment relative to the Chicago Judgment.

5. **RELEASES OF MORTGAGES AND JUDGMENT LIEN**. Upon satisfaction of all of the Conditions Precedent, Lender shall deliver to attorney Arthur Czaja fully executed releases in recordable form of the Orleans Mortgage, the Orleans AOR, the Marvin Mortgage, the Monroe Mortgage, and the Judgment Lien. Said delivery shall occur within seven (7) days of the satisfaction of all of the Conditions Precedent.

6. **DELIVERY OF THE NOTES**. Upon satisfaction of all of the Conditions Precedent, Lender shall deliver the original Beef Note and the original Zucchero Note to attorney Arthur Czaja. Said delivery shall occur within seven (7) days of the satisfaction of the Conditions Precedent.

7. **BANKRUPTCY APPROVAL**. Within seven (7) days of the Effective Date, counsel for J. Zucchero shall file a motion (the "9019 Motion") seeking approval of this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. To the extent necessary, the 9019 Motion shall also contain a request to shorten notice so that the 9019 Motion may be heard by the Bankruptcy Court not later than February 2, 2018.

8. **CONDITIONS PRECEDENT**. Sections 4, 5, 6, and 9 of this Agreement shall only become effective and the provisions thereof consummated after all of the following conditions have occurred:

(a) The Bankruptcy Court's entry of an order in the Zucchero Bankruptcy Case approving the 9019 Motion and this Agreement. The date on which the Bankruptcy Court enters said order is referred to herein as the "Approval Date";

(b) The Obligors' delivery of this Agreement to Lender in its fully executed form;

(c) The Obligors' tender of the Settlement Payment to Lender in strict compliance with the terms set forth in Section 2 of this Agreement; and

(d)     The First District Illinois Appellate Court's entry of dismissal orders, with prejudice, terminating the Chicago Appeals and the Orleans Appeal.

In the event that any of the foregoing conditions (the "Conditions Precedent") are not fully satisfied, Sections 4, 5, 6, and 9 of this Agreement shall be of no force or effect.

9.      **RELEASES BY THE PARTIES.**

(a)     **Release by Lender of the Obligors.** Lender, on behalf of itself, its parent corporations or entities, predecessors, successors, subsidiaries, and affiliates, and their respective officers, directors, members, managers, stockholders, principals, agents, partners, owners, employees, attorneys, servants, insurers, title insurers, representatives, successors and assigns, does hereby remise, release and forever discharge the Obligors and the Obligors' parent corporations or entities, predecessors, successors, subsidiaries, and affiliates, and their respective officers, directors, members, managers, stockholders, principals, agents, partners, owners, employees, attorneys, heirs, servants, insurers, title insurers, representatives, successors and assigns from all claims, demands, rights and causes of action (inchoate or otherwise) arising from or relating to the Parties' relationship, the Loan Documents, the Orleans Litigation, the Orleans Appeal, the Orleans Property, the Marvin Litigation, the Marvin Property, the Monroe Litigation, the Monroe Property, the Chicago Litigation, the Chicago Appeals, the Chicago Property, the Chicago Transfer, the Chicago Judgment, or otherwise, which Lender now has or may have against the Obligors, whether known or unknown.

(b)     **Release by the Obligors of Lender** The Obligors, on behalf of themselves, their parent corporations or entities, predecessors, successors, subsidiaries, and affiliates, and their respective officers, directors, members, managers, stockholders, principals, agents, partners, owners, employees, attorneys, heirs, servants, insurers, title insurers, representatives, successors and assigns, do hereby remise, release and forever discharge Lender and Lender's parent corporations or entities, predecessors, successors, subsidiaries, and affiliates, and their respective officers, directors, members, managers, stockholders, principals, agents, partners, owners, employees, attorneys, servants, insurers, title insurers, representatives, successors and assigns from all claims, demands, rights and causes of action (inchoate or otherwise) arising from or relating to the Parties' relationship, the Loan Documents, the Orleans Litigation, the Orleans Appeal, the Orleans Property, the Marvin Litigation, the Marvin Property, the Monroe Litigation, the Monroe Property, the Chicago Litigation, the Chicago Appeals, the Chicago Property, the Chicago Transfer, the Chicago Judgment, or otherwise, which the Obligors now have or may have against Lender, whether known or unknown.

10.     **REPRESENTATIONS, WARRANTIES, AND COVENANTS.**

(a)     J. Zucchero hereby covenants, represents, and warrants to Lender, which covenants, representations and warranties shall be deemed to be made as of the Effective Date, all of which, notwithstanding any release of liability under this Agreement, shall survive beyond the Effective Date, and upon which covenants, representations and warranties Lender has relied and will continue to rely, that:

(i)     his designated signatory for this Agreement has the full right, power and authority to execute and deliver this Agreement, and to bind him to each and every term of this Agreement;

(ii)     he has not sold, assigned, transferred, impaired, or permitted to be impaired any right, obligation, or chose in action subject to this Agreement;

(iii)     he is fully represented by counsel in connection with the negotiation of this Agreement, and he has carefully read this Agreement and understands all of its terms and how those terms will affect his legal rights, and voluntarily enters into this Agreement with such knowledge and understanding;

(iv)     his covenants, representations, warranties and promises herein and the actions contemplated hereunder are entered into freely and voluntarily and were not made under duress;

(v)     he duly executed and delivered this Agreement, that the Agreement is a legal, valid and binding obligation and is enforceable in accordance with its terms as to him, and the Agreement does not violate any provisions of any agreement executed by or otherwise affecting him;

(vi)     the execution and delivery of this Agreement and the performance of the provisions hereof, will not violate or result in any breach or violation of, or constitute a default under, any law or court order or any agreement to which he is a party or by which he is bound; and

(vii)     he is not relying on any covenants, representations, warranties, or promises other than those expressed in this Agreement.

(b)     C. Zucchero hereby covenants, represents, and warrants to Lender, which covenants, representations and warranties shall be deemed to be made as of the Effective Date, all of which, notwithstanding any release of liability under this Agreement, shall survive beyond the Effective Date, and upon which covenants, representations and warranties Lender has relied and will continue to rely, that:

(i)     her designated signatory for this Agreement has the full right, power and authority to execute and deliver this Agreement, and to bind her to each and every term of this Agreement;

(ii)     she has not sold, assigned, transferred, impaired, or permitted to be impaired any right, obligation, or chose in action subject to this Agreement;

(iii)     she is fully represented by counsel in connection with the negotiation of this Agreement, and she has carefully read this Agreement and understands all of its terms and how those terms will affect her legal rights, and voluntarily enters into this Agreement with such knowledge and understanding;

(iv)    her covenants, representations, warranties and promises herein and the actions contemplated hereunder are entered into freely and voluntarily and were not made under duress;

(v)    she duly executed and delivered this Agreement, that the Agreement is a legal, valid and binding obligation and is enforceable in accordance with its terms as to her, and the Agreement does not violate any provisions of any agreement executed by or otherwise affecting her;

(vi)    the execution and delivery of this Agreement and the performance of the provisions hereof, will not violate or result in any breach or violation of, or constitute a default under, any law or court order or any agreement to which she is a party or by which she is bound; and

(vii)    she is not relying on any covenants, representations, warranties, or promises other than those expressed in this Agreement.

(c)    D. Zucchero hereby covenants, represents, and warrants to Lender, which covenants, representations and warranties shall be deemed to be made as of the Effective Date, all of which, notwithstanding any release of liability under this Agreement, shall survive beyond the Effective Date, and upon which covenants, representations and warranties Lender has relied and will continue to rely, that:

(i)    his designated signatory for this Agreement has the full right, power and authority to execute and deliver this Agreement, and to bind him to each and every term of this Agreement;

(ii)    he has not sold, assigned, transferred, impaired, or permitted to be impaired any right, obligation, or chose in action subject to this Agreement;

(iii)    he is fully represented by counsel in connection with the negotiation of this Agreement, and he has carefully read this Agreement and understands all of its terms and how those terms will affect his legal rights, and voluntarily enters into this Agreement with such knowledge and understanding;

(iv)    his covenants, representations, warranties and promises herein and the actions contemplated hereunder are entered into freely and voluntarily and were not made under duress;

(v)    he duly executed and delivered this Agreement, that the Agreement is a legal, valid and binding obligation and is enforceable in accordance with its terms as to him, and the Agreement does not violate any provisions of any agreement executed by or otherwise affecting him;

(vi)    the execution and delivery of this Agreement and the performance of the provisions hereof, will not violate or result in any breach or violation of, or

constitute a default under, any law or court order or any agreement to which he is a party or by which he is bound; and

       (vii)    he is not relying on any covenants, representations, warranties, or promises other than those expressed in this Agreement.

     (d)     Genovese hereby covenants, represents, and warrants to Lender, which covenants, representations and warranties shall be deemed to be made as of the Effective Date, all of which, notwithstanding any release of liability under this Agreement, shall survive beyond the Effective Date, and upon which covenants, representations and warranties Lender has relied and will continue to rely, that:

       (i)    his designated signatory for this Agreement has the full right, power and authority to execute and deliver this Agreement, and to bind him to each and every term of this Agreement;

       (ii)    he has not sold, assigned, transferred, impaired, or permitted to be impaired any right, obligation, or chose in action subject to this Agreement;

       (iii)    he is fully represented by counsel in connection with the negotiation of this Agreement, and he has carefully read this Agreement and understands all of its terms and how those terms will affect his legal rights, and voluntarily enters into this Agreement with such knowledge and understanding;

       (iv)    his covenants, representations, warranties and promises herein and the actions contemplated hereunder are entered into freely and voluntarily and were not made under duress;

       (v)    he duly executed and delivered this Agreement, that the Agreement is a legal, valid and binding obligation and is enforceable in accordance with its terms as to him, and the Agreement does not violate any provisions of any agreement executed by or otherwise affecting him;

       (vi)    the execution and delivery of this Agreement and the performance of the provisions hereof, will not violate or result in any breach or violation of, or constitute a default under, any law or court order or any agreement to which he is a party or by which he is bound; and

       (vii)    he is not relying on any covenants, representations, warranties, or promises other than those expressed in this Agreement.

     (e)     J&M-1 hereby covenants, represents, and warrants to Lender, which covenants, representations and warranties shall be deemed to be made as of the Effective Date, all of which, notwithstanding any release of liability under this Agreement, shall survive beyond the Effective Date, and upon which covenants, representations and warranties Lender has relied and will continue to rely, that:

(i)     its designated signatory for this Agreement has the full right, power and authority to execute and deliver this Agreement, and to bind it to each and every term of this Agreement;

(ii)    it has not sold, assigned, transferred, impaired, or permitted to be impaired any right, obligation, or chose in action subject to this Agreement;

(iii)   it is fully represented by counsel in connection with the negotiation of this Agreement, and it has carefully read this Agreement and understands all of its terms and how those terms will affect its legal rights, and voluntarily enters into this Agreement with such knowledge and understanding;

(iv)   its covenants, representations, warranties and promises herein and the actions contemplated hereunder are entered into freely and voluntarily and were not made under duress;

(v)    it duly executed and delivered this Agreement, that the Agreement is a legal, valid and binding obligation and is enforceable in accordance with its terms as to it, and the Agreement does not violate any provisions of any agreement executed by or otherwise affecting it;

(vi)   the execution and delivery of this Agreement and the performance of the provisions hereof, will not violate or result in any breach or violation of, or constitute a default under, any law or court order or any agreement to which it is a party or by which it is bound; and

(vii)  it is not relying on any covenants, representations, warranties, or promises other than those expressed in this Agreement.

(f)    J&M-2 hereby covenants, represents, and warrants to Lender, which covenants, representations and warranties shall be deemed to be made as of the Effective Date, all of which, notwithstanding any release of liability under this Agreement, shall survive beyond the Effective Date, and upon which covenants, representations and warranties Lender has relied and will continue to rely, that:

(i)    its designated signatory for this Agreement has the full right, power and authority to execute and deliver this Agreement, and to bind it to each and every term of this Agreement;

(ii)    it has not sold, assigned, transferred, impaired, or permitted to be impaired any right, obligation, or chose in action subject to this Agreement;

(iii)   it is fully represented by counsel in connection with the negotiation of this Agreement, and it has carefully read this Agreement and understands all of its terms and how those terms will affect its legal rights, and voluntarily enters into this Agreement with such knowledge and understanding;

(iv)     its covenants, representations, warranties and promises herein and the actions contemplated hereunder are entered into freely and voluntarily and were not made under duress;

(v)     it duly executed and delivered this Agreement, that the Agreement is a legal, valid and binding obligation and is enforceable in accordance with its terms as to it, and the Agreement does not violate any provisions of any agreement executed by or otherwise affecting it;

(vi)     the execution and delivery of this Agreement and the performance of the provisions hereof, will not violate or result in any breach or violation of, or constitute a default under, any law or court order or any agreement to which it is a party or by which it is bound; and

(vii)     it is not relying on any covenants, representations, warranties, or promises other than those expressed in this Agreement.

(g)     MCM hereby covenants, represents, and warrants to Lender, which covenants, representations and warranties shall be deemed to be made as of the Effective Date, all of which, notwithstanding any release of liability under this Agreement, shall survive beyond the Effective Date, and upon which covenants, representations and warranties Lender has relied and will continue to rely, that:

(i)     its designated signatory for this Agreement has the full right, power and authority to execute and deliver this Agreement, and to bind it to each and every term of this Agreement;

(ii)     it has not sold, assigned, transferred, impaired, or permitted to be impaired any right, obligation, or chose in action subject to this Agreement;

(iii)     it is fully represented by counsel in connection with the negotiation of this Agreement, and it has carefully read this Agreement and understands all of its terms and how those terms will affect its legal rights, and voluntarily enters into this Agreement with such knowledge and understanding;

(iv)     its covenants, representations, warranties and promises herein and the actions contemplated hereunder are entered into freely and voluntarily and were not made under duress;

(v)     it duly executed and delivered this Agreement, that the Agreement is a legal, valid and binding obligation and is enforceable in accordance with its terms as to it, and the Agreement does not violate any provisions of any agreement executed by or otherwise affecting it;

(vi)     the execution and delivery of this Agreement and the performance of the provisions hereof, will not violate or result in any breach or violation of, or

constitute a default under, any law or court order or any agreement to which it is a party or by which it is bound; and

      (vii)    it is not relying on any covenants, representations, warranties, or promises other than those expressed in this Agreement.

    (h)    JJD hereby covenants, represents, and warrants to Lender, which covenants, representations and warranties shall be deemed to be made as of the Effective Date, all of which, notwithstanding any release of liability under this Agreement, shall survive beyond the Effective Date, and upon which covenants, representations and warranties Lender has relied and will continue to rely, that:

      (i)    its designated signatory for this Agreement has the full right, power and authority to execute and deliver this Agreement, and to bind it to each and every term of this Agreement;

      (ii)    it has not sold, assigned, transferred, impaired, or permitted to be impaired any right, obligation, or chose in action subject to this Agreement;

      (iii)    it is fully represented by counsel in connection with the negotiation of this Agreement, and it has carefully read this Agreement and understands all of its terms and how those terms will affect its legal rights, and voluntarily enters into this Agreement with such knowledge and understanding;

      (iv)    its covenants, representations, warranties and promises herein and the actions contemplated hereunder are entered into freely and voluntarily and were not made under duress;

      (v)    it duly executed and delivered this Agreement, that the Agreement is a legal, valid and binding obligation and is enforceable in accordance with its terms as to it, and the Agreement does not violate any provisions of any agreement executed by or otherwise affecting it;

      (vi)    the execution and delivery of this Agreement and the performance of the provisions hereof, will not violate or result in any breach or violation of, or constitute a default under, any law or court order or any agreement to which it is a party or by which it is bound; and

      (vii)    it is not relying on any covenants, representations, warranties, or promises other than those expressed in this Agreement.

    (i)    Beef hereby covenants, represents, and warrants to Lender, which covenants, representations and warranties shall be deemed to be made as of the Effective Date, all of which, notwithstanding any release of liability under this Agreement, shall survive beyond the Effective Date, and upon which covenants, representations and warranties Lender has relied and will continue to rely, that:

(i)     its designated signatory for this Agreement has the full right, power and authority to execute and deliver this Agreement, and to bind it to each and every term of this Agreement;

(ii)    it has not sold, assigned, transferred, impaired, or permitted to be impaired any right, obligation, or chose in action subject to this Agreement;

(iii)   it is fully represented by counsel in connection with the negotiation of this Agreement, and it has carefully read this Agreement and understands all of its terms and how those terms will affect its legal rights, and voluntarily enters into this Agreement with such knowledge and understanding;

(iv)    its covenants, representations, warranties and promises herein and the actions contemplated hereunder are entered into freely and voluntarily and were not made under duress;

(v)     it duly executed and delivered this Agreement, that the Agreement is a legal, valid and binding obligation and is enforceable in accordance with its terms as to it, and the Agreement does not violate any provisions of any agreement executed by or otherwise affecting it;

(vi)    the execution and delivery of this Agreement and the performance of the provisions hereof, will not violate or result in any breach or violation of, or constitute a default under, any law or court order or any agreement to which it is a party or by which it is bound; and

(vii)   it is not relying on any covenants, representations, warranties, or promises other than those expressed in this Agreement.

(j)     The Trust hereby covenants, represents, and warrants to Lender, which covenants, representations and warranties shall be deemed to be made as of the Effective Date, all of which, notwithstanding any release of liability under this Agreement, shall survive beyond the Effective Date, and upon which covenants, representations and warranties Lender has relied and will continue to rely, that:

(i)     its designated signatory for this Agreement has the full right, power and authority to execute and deliver this Agreement, and to bind it to each and every term of this Agreement;

(ii)    it has not sold, assigned, transferred, impaired, or permitted to be impaired any right, obligation, or chose in action subject to this Agreement;

(iii)   it is fully represented by counsel in connection with the negotiation of this Agreement, and it has carefully read this Agreement and understands all of its terms and how those terms will affect its legal rights, and voluntarily enters into this Agreement with such knowledge and understanding;

13

(iv)     its covenants, representations, warranties and promises herein and the actions contemplated hereunder are entered into freely and voluntarily and were not made under duress;

(v)     it duly executed and delivered this Agreement, that the Agreement is a legal, valid and binding obligation and is enforceable in accordance with its terms as to it, and the Agreement does not violate any provisions of any agreement executed by or otherwise affecting it;

(vi)     the execution and delivery of this Agreement and the performance of the provisions hereof, will not violate or result in any breach or violation of, or constitute a default under, any law or court order or any agreement to which it is a party or by which it is bound; and

(vii)     in executing this Agreement, the Trust is solely relying on the Letter of Direction dated January 24, 2018, executed by Dominic Zucchero and Joseph Zucchero which was presented to the Trust by their counsel.

(k)     Lender hereby covenants, represents, and warrants to each of the Obligors, which covenants, representations and warranties shall be deemed to be made as of the Effective Date, all of which, notwithstanding any release of liability under this Agreement, shall survive beyond the Effective Date, and upon which covenants, representations and warranties each of the Obligors has relied and will continue to rely that:

(i)     its designated signatory for this Agreement has the full right, power and authority to execute and deliver this Agreement, and to bind it to each and every term of this Agreement;

(ii)     it has not sold, assigned, transferred, impaired, or permitted to be impaired any right, obligation, or chose in action subject to this Agreement;

(iii)     it is fully represented by counsel in connection with the negotiation of this Agreement, and it has carefully read this Agreement and understands all of its terms and how those terms will affect its legal rights, and voluntarily enters into this Agreement with such knowledge and understanding;

(iv)     its covenants, representations, warranties and promises herein and the actions contemplated hereunder are entered into freely and voluntarily and were not made under duress;

(v)     it duly executed and delivered this Agreement, that the Agreement is a legal, valid and binding obligation and is enforceable in accordance with its terms as to it, and the Agreement does not violate any provisions of any agreement executed by or otherwise affecting it;

(vi)  the execution and delivery of this Agreement and the performance of the provisions hereof, will not violate or result in any breach or violation of, or constitute a default under, any law or court order or any agreement to which it is a party or by which it is bound; and

(vii)  it is not relying on any covenants, representations, warranties, or promises other than those expressed in this Agreement.

## 11.  OTHER AGREEMENTS.

(a)  Applicable Law.  This Agreement shall be construed and enforced in all respects in accordance with the laws of the State of Illinois without regard to its choice of law rules.

(b)  Entire Agreement.  This Agreement contains the entire agreement between the Parties hereto relating to the subject matter hereof, and all prior or contemporaneous agreements, understandings, representations and statements, oral or written, are merged herein.

(c)  Collaborative Drafting.  This Agreement represents the collaborative drafting of the Parties through their respective attorneys.  Accordingly, neither this Agreement nor any provision of this Agreement shall be deemed to have been drafted by any one party or that party's attorney, and any ambiguity found herein shall not be construed against any of the Parties.

(d)  Waiver.  The failure of either party to enforce any provision of this Agreement shall not be construed as a waiver of any such provision or prevent such party from thereafter enforcing such provision or any other provision of this Agreement.  The rights and remedies granted the Parties herein are cumulative, and the election of one right or remedy shall not constitute a waiver of such party's right to assert all other legal remedies available under this Agreement or otherwise provided by law.

(e)  Binding Effect.  This Agreement shall be binding on the Parties hereto and their respective heirs, legatees, administrators, personal representatives, successors, and permitted assigns, and shall inure to the benefit of Lender, its successors and assigns.

(f)  Bankruptcy Effect.  The Obligors hereby acknowledge and agree that, if a petition under any section, chapter or provision of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code") or similar law or statute is filed by or against any of them, (i) they shall not contest, and they shall consent to, the relief requested in any motion or application of Lender made in any court of competent jurisdiction seeking a modification or termination of any automatic stay or other injunction resulting from such filing, and (ii) they shall execute any order or other document necessary to effectuate such modification or termination.  In the event that, before the 91st day after satisfaction of the Conditions Precedent, any of the Obligors voluntarily file a bankruptcy petition or an involuntary bankruptcy petition is commenced against them, which is not dismissed within 30 days of its commencement, this Agreement shall be rendered null and void.

(g)     Counterparts.  This Agreement may be executed in any number of counterparts and each of such counterparts shall, for all purposes, be deemed to be an original, and all such counterparts shall together constitute one and the same agreement. This Agreement may be executed by facsimile or electronic signature (i.e., scan/email) and such execution shall constitute an original document for all purposes.

(h)     Time is of the Essence.  Time is strictly of the essence of this Agreement and the full and complete performance of each and every term, provision and condition hereof.

(i)     No Oral Modification; No Course of Dealing.  This Agreement cannot be rescinded, cancelled, terminated, amended, or modified in any manner, except by a writing signed by all of the Parties hereto.  Nothing contained in this Agreement shall be construed as creating any course of dealing or conduct between the Parties.

(j)     Headings.  The section headings and captions used herein are intended solely for convenience of reference and shall not control or effect the interpretation, meaning or construction of any provision of this Agreement.

(k)     Further Assurances.  The Parties agree, at any time and from time to time after the Effective Date, to execute, acknowledge where appropriate, and deliver such further instruments and other documents (and to bear its own costs and expenses incidental thereto) and to take such other actions that any other Party may reasonably request in order to carry out the intent and purpose of this Agreement.

(l)     Strict Performance.  Strict performance of the terms of this Agreement is required, and substantial performance in good faith and without willful failure shall not be deemed sufficient performance. Strict performance shall be deemed the essence of this Agreement and shall be deemed contracted for by the Parties hereto.

(m)     Attorneys' Fees.  The Parties shall each be responsible for paying their own attorneys' fees, expenses, and costs with respect to the negotiation of this Agreement and the consummation of the transactions contemplated hereby.  In the event that any dispute between the Parties should result in any legal action or proceeding, the prevailing party shall be reimbursed by the losing party for all reasonable attorneys' fees, expenses, and costs, including, but not limited to, attorneys' fees incurred in the course of appeal.

(n)     Notice.  Any notice under this Agreement shall be in writing and shall be hand delivered or sent by Federal Express or other reputable courier service or by postage prepaid registered or certified mail, return receipt requested, and shall be deemed given (i) when received at the applicable addresses if hand delivered or if sent by Federal Express or other reputable courier service, and (ii) three (3) business days after being postmarked and addressed as required hereunder if sent by registered or certified mail, return receipt requested.  The Parties designate the following persons and addresses to receive any and all notices hereunder.

| *If to Obligors*: | *with a copy to*: |
|---|---|
| Joseph Zucchero<br>805 Marvin Pkwy<br>Park Ridge, Illinois 60068 | Arthur Czaja<br>7521 N Milwaukee Ave<br>Niles, Illinois 60714 |
| *If to Lender*:<br>Josh Nadolna<br>c/o CR-FMV Investors, LLC<br>325 W. Huron St., Ste. 708<br>Chicago, Illinois 60654 | *with a copy to* :<br>Samuel Schumer<br>c/o Meltzer, Purtill & Stelle LLC<br>300 S. Wacker Dr., Suite 2300<br>Chicago, Illinois 60606 |

    (o)   Forum Selection. The Parties hereby submit themselves to the personal jurisdiction of the Federal and State Courts located in Cook County, Illinois, and the Parties agree that all legal proceedings arising out of this Agreement, whether directly or indirectly, shall only be instituted in the U.S. District Court for the Northern District of Illinois, Eastern Division, or the courts of the State of Illinois, Cook County, and that parties waive any objection based on forum non conveniens.

    12.   WAIVER OF RIGHT TO TRIAL BY JURY. TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, THE PARTIES HERETO HEREBY KNOWINGLY, VOLUNTARILY, AND MUTUALLY (A) WAIVE THE RIGHT TO TRIAL BY JURY IN ANY ACTION, CLAIM, COUNTERCLAIM, CROSS-CLAIM, THIRD-PARTY CLAIM, DISPUTE, DEMAND, SUIT OR PROCEEDING ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY, AND (B) AGREE THAT ANY SUCH ACTION, CLAIM, SUIT OR PROCEEDING SHALL BE TRIED BEFORE A JUDGE AND NOT BEFORE A JURY.

[remainder of page intentionally left blank; signature page follows]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth on the first page of this Agreement.

_____
JOSEPH ZUCCHERO

_____
CAMILLE ZUCCHERO

_____
DOMINIC ZUCCHERO

_____
MICHAEL GENOVESE

J & M 1527, LLC

By:_____
Name:_____
Its:_____

J & M 1527 LLC

By:_____
Name:_____
Its:_____

MCM1527, LLC
By:_____
Name:_____
Its:_____

MR. BEEF ON ORLEANS, INC.

By:_____
Name:_____
Its:_____

JJD, INC.

By:_____
Name:_____
Its:_____

CHICAGO TITLE LAND TRUST COMPANY, as successor trustee to North Star Trust Company, trustee u/t/a dated March 22, 1999 and known as Trust No. 10239

By:_____
Name:_____
Its:_____

CR-FMV INVESTORS, LLC
By:_____
Name:_____
Its:_____

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed as of the Effective Date set forth on the first page of this Agreement.

_____
JOSEPH ZUCCHERO

_____
CAMILLE ZUCCHERO

_____
DOMINIC ZUCCHERO

_____
MICHAEL GENOVESE

J & M 1527, LLC

By: _____
Name: _____
Its: _____

J & M 1527 LLC

By: _____
Name: _____
Its: _____

MCM 1527, LLC

By: _____
Name: _____
Its: _____

MR. BEEF ON ORLEANS, INC.

By: _____
Name: _____
Its: _____

JJD, INC.

By: _____
Name: _____
Its: _____

CHICAGO TITLE LAND TRUST COMPANY, as successor trustee to North Star Trust Company, trustee u/t/a dated March 22, 1999 and known as Trust No. 10239

By: _____
Name: _____
Its: _____

CR-FMV INVESTORS, LLC

By: _____
Name: _____
Its: _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth on the first page of this Agreement.

_____
JOSEPH ZUCCHERO

_____
CAMILLE ZUCCHERO

_____
DOMINIC ZUCCHERO

_____
MICHAEL GENOVESE

J & M 1527, LLC

By:_____
Name:_____
Its:_____

J & M 1527 LLC

By:_____
Name:_____
Its:_____

MCM1527, LLC
By:_____
Name:_____
Its:_____

MR. BEEF ON ORLEANS, INC.

By:_____
Name:_____
Its:_____

JJD, INC.

By:_____
Name:_____
Its:_____

CHICAGO TITLE LAND TRUST COMPANY, as successor trustee to North Star Trust Company, trustee u/t/a dated March 22, 1999 and known as Trust No. 10239

By:_ _Robert K_____
Name:_ _Robert Kyllmn_____
Its:_ _VP of Trust Counsel____

CR-FMV INVESTORS, LLC
By:_____
Name:_____
Its:_____

This instrument is executed by the undersigned Land Trustee, not personally but solely as Trustee in the exercise of the power and authority conferred upon and vested in it as such Trustee. It is expressly understood and agreed that all the warranties, indemnities, representations, covenants, undertakings and agreements herein made on the part of the Trustee are undertaken by it solely in its capacity as Trustee and not personally. No personal liability or personal responsibility is assumed by or shall at any time be asserted or enforceable against the Trustee on account of any warranty, indemnity, representation, covenant, undertaking or agreement of the Trustee in this instrument.

18

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth on the first page of this Agreement.

_____
JOSEPH ZUCCHERO

_____
CAMILLE ZUCCHERO

_____
DOMINIC ZUCCHERO

_____
MICHAEL GENOVESE

J & M 1527, LLC

By:_____
Name:_____
Its:_____

J & M 1527 LLC

By:_____
Name:_____
Its:_____

MCM1527, LLC
By:_____
Name:_____
Its:_____

MR. BEEF ON ORLEANS, INC.

By:_____
Name:_____
Its:_____

JJD, INC.

By:_____
Name:_____
Its:_____

CHICAGO TITLE LAND TRUST COMPANY, as successor trustee to North Star Trust Company, trustee u/t/a dated March 22, 1999 and known as Trust No. 10239

By:_____
Name:_____
Its:_____

CREMV INVESTORS LLC
By:_____
Name:_____DAVID A KITE_____
Its:_____Managing Member_____

18

STATE OF ___ILLINOIS___ )
COUNTY OF ___COOK___ )

I, the undersigned, a Notary Public in and for the County and State aforesaid, DO HEREBY CERTIFY that JOSEPH ZUCCHERO, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged he signed and delivered the foregoing instrument, as his free and voluntary act, and as the free and voluntary act and deed of said Obligor, for the uses and purposes therein set forth.

Given under my hand and official seal, this __7th__ day of ___March___, 20_18_
Commission expires __11 21__, 20_20_

_____
NOTARY PUBLIC

MALGORZATA POPOWSKA
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 21, 2020

STATE OF ___ILLINOIS___ )
COUNTY OF ___COOK___ )

I, the undersigned, a Notary Public in and for the County and State aforesaid, DO HEREBY CERTIFY that CAMILLE ZUCCHERO, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged she signed and delivered the foregoing instrument, as her free and voluntary act, and as the free and voluntary act and deed of said Obligor, for the uses and purposes therein set forth.

Given under my hand and official seal, this __5__ day of ___March___, 20_18_
Commission expires __11 21 20__, 20___

_____
NOTARY PUBLIC

MALGORZATA POPOWSKA
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 21, 2020

STATE OF ___ILLINOIS___ )
COUNTY OF ___COOK___ )

I, the undersigned, a Notary Public in and for the County and State aforesaid, DO HEREBY CERTIFY that DOMINIC ZUCCHERO, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged he signed and delivered the foregoing instrument, as his free and voluntary act, and as the free and voluntary act and deed of said Obligor, for the uses and purposes therein set forth.

Given under my hand and official seal, this __5__ day of ___March___, 20_18_
Commission expires __11 21 20__, 20___

_____
NOTARY PUBLIC

MALGORZATA POPOWSKA
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 21, 2020

STATE OF ___ILLINOIS___ )
COUNTY OF ___COOK___ )

I, the undersigned, a Notary Public in and for the County and State aforesaid, DO HEREBY CERTIFY that MICHAEL GENOVESE, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged he signed and delivered the foregoing instrument, as his free and voluntary act, and as the free and voluntary act and deed of said Obligor, for the uses and purposes therein set forth.

Given under my hand and official seal, this _28_ day of _February_, 20_18_
Commission expires ____11 | 21____, 20_22_

_Margaret Popowska_
NOTARY PUBLIC

```
MALGORZATA POPOWSKA
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 21, 2020
```

STATE OF ___ILLINOIS___ )
COUNTY OF ___COOK___ )

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that ___Michael Genovese___, personally known to me to be the _Managing Member_ of J & M 1527, LLC ("J&M-1"), and the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that s/he signed, sealed and delivered the said instrument as his/her free and voluntary act and as the free and voluntary act of J&M-1.

Given under my hand and official seal, this _28_ day of _February_, 20_18_
Commission expires __11 | 21__, 20_20_

_Margaret Popowska_
NOTARY PUBLIC

STATE OF ___ILLINOIS___ )
COUNTY OF ___COOK___ )

```
MALGORZATA POPOWSKA
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 21, 2020
```

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that ___Michael Genovese___, personally known to me to be the _Managing Member_ of J & M 1527 LLC ("J&M-2"), and the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that s/he signed, sealed and delivered the said instrument as his/her free and voluntary act and as the free and voluntary act of J&M-2.

Given under my hand and official seal, this _28_ day of _February_, 20_18_
Commission expires ____11 | 21____, 20_20_

_Margaret Popowska_
NOTARY PUBLIC

```
MALGORZATA POPOWSKA
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 21, 2020
```

20